### HUGHES AND HUGHES *vs.* HUGHES.

Where administrators, who are also heirs at law, sue in the latter character for property belonging to the estate of the deceased, when they might have sued in their representative character, they will not be allowed the costs of such suit out of the estate.

### APPEAL from Howard Circuit Court.

LEONARD, *for Appellants.*

1st: That administrators and executors are to be allowed all costs and expenses by them incurred in the discharge of their duties.

2d: That it is their duty to prosecute all suits and claims in which the personal estate of their intestate, or testator, are interested.

3d: That this suit related as well to the personality as to the reality, and if a decree had been made against the defendant, he would have been required to account and pay over to the administrators the rents and profits of the real and personal estate, and the value of the personal estate charged to have been converted.

TODD, *for Appellee.*

The appellee, Hughes, insists that the judgment of the Circuit Court was right;

1st: Because the expenses were not incurred in any course of administration of the estate of Sarah Hughes, deceased.

2d: They are not expenses authorized by law to be allowed in administration. —Digest, Mo., p. 58, sec. 9, 10, 11.

3d: The suit was prosecuted in the individual right of complainants, for their own benefit, and not for the use of administrators, or by their order, or by order of the County Court.

4th: The appellants are estopped, by the agreement of compromise, from setting up this account against Joseph Hughes' estate, but bind themselves to pay them.

5th: The demands allowed in favor of complainants were in violation of the statute, the appellants being the creditors and administrators.

TOMPKINS, *Judge, delivered the opinion of the Court.*

Thomas Hughes and Charles Hughes, as administrators of the estate of Joseph Hughes and of Sarah Hughes, claimed, on the settlement of the estate of said deceased, certain allowances amounting to the sum of $494 87, which were admitted by the County Court. James Hughes and others, appellees here, appealed to the Circuit Court.

On the record, it appears that, some time in the year 1837, Thomas Hughes and Samuel M. Hughes, Charles Hughes and John Hughes, filed their bill in the Circuit Court of Howard county, on the equity side thereof, stating that James Hughes had become possessed of certain property, real and personal, of their late father, Joseph Hughes, which they prayed the Court to decree the said James to deliver over to the administrators of said Joseph Hughes.

Many other persons, heirs and representatives of said deceased, were made defendants in this bill of complaint. Sarah Hughes, widow of Joseph Hughes, and mother and ancestor of all the parties to the suit in chancery, in the mean time having also died, it appears that she, as well as her husband, left a will, and that there being no executor named in either of said wills, the said Thomas Hughes, one of the complainants in the bill, and Allen Hughes, were appointed administrators, with the will annexed, of Joseph Hughes, and that said Thomas Hughes and Charles Hughes, another of the complainants, were appointed administrators, &c., of Sarah Hughes aforesaid.

This suit in equity was for some time prosecuted, when, a compromise being made, each party agreed to pay their own costs.

The said Thomas Hughes and Charles Hughes afterwards applied to the County Court for allowances for costs incurred in this chancery suit, and they were allowed, in their character of administrators of Sarah Hughes and of Joseph Hughes, the sum of four hundred and ninety-four dollars and eighty-seven cents.

The Circuit Court reversed the judgment of the County Court, and made an order, that the County Court cause the administrators to administer the said sum of money.

The said Thomas Hughes and Charles Hughes appealed from the judgment of the Circuit Court to this Court.

This Court can perceive no reason for reversing the judgment of the Circuit Court. Thomas Hughes and Allen Hughes are the adminstrators on record of Joseph Hughes, and Thomas and Charles Hughes, of Sarah Hughes.

The complainants in this bill are these two administrators, the one administrator of Joseph Hughes, and both of them administrators of Sarah Hughes and Samuel M. Hughes and John Hughes.

There is no reason seen why the administrators of Sarah Hughes should join in a bill of this kind, and as little why two of the heirs, Samuel M. and John Hughes, two sons of the deceased, as the record shows, should join with the administrators in suing for the property of the estate; and so far are Thomas and Charles Hughes from suing in their representative characters, that they pray that James Hughes be ordered to deliver over the property in contest to the administrators of Joseph Hughes.

The administrators of Joseph Hughes might have sued in their representative character for any property of the deceased; but having sued as individuals claiming by descent from the deceased, they must pay the costs incurred by them out of their own funds, according to their agreement.

The judgment of the Circuit Court is affirmed.